TAYLOR *et al. v.* TWINER *et al.*

(Division B. Sept. 28, 1942.)

[9 So. (2d) 644. No. 35022.]

Howie, Howie & McGowan and W. B. Fontaine, all of Jackson, for appellants.

Vinson, Elkins, Weems & Francis and Thomas Fletcher, all of Houston, Tex., Ray, Spivey & Cain, of Canton, Fielding L. Wright, of Rolling Fork, and Brunini & Brunini, of Vicksburg, for appellee, Union Producing Company.

Henry & Barbour, of Yazoo City, for appellees, J. M. Twiner.

**Bridgeforth & Love,** of Yazoo City, for appellees, Clark Sample and Mrs. Aliece M. Falvey.

Argued orally by **W. B. Fontaine** and **M. M. McGowan,** for appellants, and by **E. L. Brunini,** for appellees.

**Griffith, J.,** delivered the opinion of the court.

Appellants, who will be referred to as the complainants, are brothers, and inherited from their father an undivided one-ninth interest each in the eighty acres of land involved in this suit. Their father died in 1915, and in 1917 one of their sisters instituted a partition suit, as a result of which the land was ordered sold and was sold for partition, at which sale the defendant, J. M.

Twiner, became the purchaser, his deed from the court commissioner being dated August 13, 1918. All the other defendants hold under Twiner.

On June 6, 1941, complainants filed their bill to vacate the partition decree and the sale thereunder, and to cancel as clouds upon their title everything that was done in the partition proceeding and every subsequent deed growing out of it, averring inter alia that at the time of the partition proceedings they were in the United States Army, and were never served with any process in the partition suit, had executed no waiver of process, had not otherwise entered appearance therein, had received no part of the alleged proceeds of the sale, and, in fact, that until lately they had no knowledge that any such suit had been instituted.

Several other grounds for setting aside and vacating the decree of partition and the sale thereunder were set forth in the bill, some of which, we think, are not well taken; but we do not deem it of value at the present juncture to pursue the lengthy bill and its various grounds, inasmuch as the averments mentioned in the foregoing paragraph were sufficient to require the over-ruling of the general demurrers, which the court did.

But the defendants separately interposed special demurrers raising the affirmative defenses of the ten-year statute of limitations, secs. 2285 and 2286, Code 1930; the two-year statute on bills of review, sec. 2322, Code 1930; the defense of laches under general equity principles; and the purchasers from Twiner incorporated also in their special demurrers the affirmative defense of bona fide purchasers for value. None of the facts as facts upon which the special demurrers could dependably rest were averred in the bill, but in order to obtain the facts upon which the special demurrers were based, these facts had to be worked out of the bill by way of inference. The special demurrers were sutained, and the complainants having declined to amend, their bill was dismissed. We think the special demurrers should have been overruled.

The principle is general that a pleading is construed most strongly against the pleader, from which it follows that a pleader may not rely on inferences to be drawn in his favor from the facts stated by him unless the inference is a necessary inference, that is to say, one which is inescapable, or unavoidable from the standpoint of reason; and an inference is not inescapable or unavoidable if another and a different inference may be reasonably drawn from the facts as stated. When the existence of a particular fact is necessary to be shown, else the party relying thereon will have no cause of action, he cannot have that fact imported into his pleading through the device of inference unless, as aforesaid, it is an inescapable inference, one not avoidable by any other reasonable inference. If this were not true, then the rule would be reversed and instead it would be that a pleading is considered, not most strongly against the pleader, but in his favor.

Likewise when a particular fact is necessary to be shown in order to establish an affirmative defense, that fact cannot be imported into the defensive pleading by way of inference unless the inference is necessary, inescapable, unavoidable, when reasonably considered in connection with the facts stated. Inasmuch as a demurrer to a bill must get its facts from the bill, it follows that when the demurrer raises 'affirmative defenses, the defensive facts upon which the demurrer is based must appear from the bill either as facts expressly stated therein or from necessary, or reasonably inescapable or unavoidable inferences which may be drawn from the bill in favor of the demurrant.

As already stated, all of the defenses raised by the special demurrers are affirmative defenses, but the arguments throughout in favor of the demurrants have proceeded upon the assumption that any reasonable inference which may be drawn from the bill in support of the affirmative defenses must be allowed to the demurrants although another and a different reasonable inference might also be deduced from the facts stated in the

bill. This is illustrated by the fact that the demurrants repeatedly state in the course of their briefs that Twiner went into actual possession of the land upon his purchase thereof and had so remained, whereas there is another reasonable inference, namely, that he did not go into possession at all, and has never been in actual possession. Abandoned fields and old farms are not so wholly unknown as that there shall be an inescapable inference that a purchaser at a partition sale has gone into actual possession of the property and has there remained.

The bill itself is wholly silent upon the matter of possession. It was not necessary to the statement of the case in the complainants' behalf that possession be mentioned at all. Until some person had taken possession of the land in hostility to complainants, the possession of their interest therein was in them by the constructive operation of the law, unless divested by or as a result of the partition proceedings; and they could let the land lie unoccupied and idle fifty years or more, and because of that fact alone neither limitations or laches would affect them.

As to the affirmative defenses of bona fide purchase for value, all that we have before us on that issue are the recitals of consideration in some deeds made exhibits to the bill. But inasmuch as we cannot take common knowledge of values of particular lands and the mineral rights therein, we have no way to know whether, when compared with actual values at the time or times, the considerations recited may or may not have been merely nominal or grossly inadequate. So far as the record shows, the latter may be the case; wherefore to determine otherwise we would again have to resort to presumptions or inferences in favor of the demurrants, when the burden rested upon them to show, not some of the facts, but the necessary facts in support of their defense of bona fides.

What is hereinabove more fully stated is evidently what was meant in the rather terse closing sentence of section 288, Griffith Miss. Chan. Prac., which we quote: ''While

a demurrer does not admit conclusions or inferences, it may not itself be based upon any inferences or conclusions arising from a bill, but only upon the facts therein stated.''

This is another among the cases which continue to come to this court on demurrer when all the facts of the case ought to have been developed under answers. We repeat what was said in Federal Land Bank v. Fidelity & D. Co., 165 Miss. 715, 721, 147 So. 917, 918: ''The trend of modern judicial decision is against the attempt to settle close and difficult questions of law and right on a demurrer. If the demurrer raise merely a doubtful question or if the case be such that the cause of justice will probably be promoted by a determination of the ultimate right only on answer and proof, the court ought to exercise a fair judicial discretion to that end, although it may be that in technical point, the grounds of the demurrer are sustainable in strict law.''

If the facts exist which would sustain the affirmative defenses urged in this case, there could be no difficulty in setting them up in answers, and we can see in the situation presented no occasion for any difficulty in proving them. Courts should not be called on in such cases to eke out the facts by the dubious and laborious process of inference, and we must decline to do so here.

Reversed and remanded.