GILLESPIE, Presiding Justice.
Appellee filed a bill of complaint in chancery against appellant, Mississippi State Highway Commission. He prayed for a decree for damages for the alleged obstruction of roads used by him as means of access from his land to the public road system, or, in the alternative, for a decree for damages and injunctive relief requiring the Plighway Commission to provide ingress and egress to complainant’s land.
The Highway Commission demurred on the ground that “there is no equity on the face of the bill.” This general demurrer was overruled and an interlocutory appeal was allowed to settle the controlling principles of the case.
The principle question is whether a landowner whose land does not abut a public road is entitled to damages for the closure by the Highway Department of private roads, through lands of third parties, which complainant had used to reach the public road system. The obstruction or closure of the private roads through lands of others did not deprive complainant of any right, and he has no right of action.
The demurrer admits all facts well pleaded. Griffith, Mississippi Chancery Practice § 288 (2d ed. 1950). And the averments of the pleadings are taken strongest against the pleader when considering a demurrer. Id. § 307. Under a general demurrer the question becomes: “If the bill, as stated, should be taken as confessed, would it be evident that no final relief could be granted under it against the defendant,— if so the demurrer will be sustained, or as it is otherwise briefly stated, if there be no enforceable right shown by the bill in the complainant’s favor against the defendant it is demurrable and should be dismissed.” Id. § 291. We examine the aver-ments of the bill of complaint, as amended, in the light of these rules of pleading.
The complaint seeks damages for the alleged taking and blocking by the Highway Department of complainant’s means of access from his land to the public road system. Complainant alleges that for more than ten years prior to the wrongful act of the Highway Department he and his predecessors in title and the traveling public used three roads in traveling from complainant’s land to U. S. Highway 11, a public interstate highway. The complaint does not allege that his land abuts any public road or highway; it does not allege that any of the three roads across lands of others is a public road; and it does not allege that he has any prescriptive right or easement *447 to use any of said access roads. Complainant alleges the use of said roads for ten years, but does not claim the use was adverse or hostile to the owner of the lands over which these roads pass. In other words, he does not claim any right to use these access roads. The amended bill of complaint alleges that in constructing new Interstate Highway 59 the Highway Department obstructed and blocked the three roads he had been using and thereby obstructed his only means of reaching the system of public roads.
An abutting landowner has a special right of access to an existing public road; this right is private property and may not be taken or damaged without first compensating the owner. Morris v. Covington County, 118 Miss. 875, 80 So. 337 (1918). Appellee relies on the Morris case, but in that case the road that the board of supervisors vacated and closed was a public road. The appellee does not allege that the Highway Commission closed or obstructed any part of a public road. The general rule is that one whose property does not abut on the closed section of a street or road has no right to compensation for the closing or vacating of the street or road, if he still has reasonable access to the general system of streets or roads. Puyper v. Pure Oil Co., 215 Miss. 121, 60 So.2d 569 (1952). There are certain exceptions to the rule just stated. If the action of the public authorities in closing a street leaves property in a cul de sac, the owner is entitled to compensation. Mississippi State Highway Comm’n v. Fleming, 248 Miss. 187, 157 So.2d 792 (1963). If a public road starts at a tract of land and connects the tract with the public road system, the closing of such public road between the tract of land and the public road system entitles the landowner to damages because he is deprived of the right of access to his land by the closing of a public road. Mississippi State Highway Comm’n v. Myers, 184 So.2d 409 (Miss. 1966).
In order for a landowner to recover for closing or obstructing a road or street when the land does not abut on the closed portion of the street or road, the owner must show damages differing in kind, and not merely in degree, from those sustained by the public generally. Puyper v. Pure Oil Co., supra. To recover damages for closing a road connecting a tract of land with the public road system, the owner must show that the closed road is either (1) a public way over which he can travel as a matter of right, or (2) that he as an individual, or as an incident to his ownership of the land, has a private right to travel the closed road. In the present case the complainant does not allege that any of the three roads he formerly used for access to his lands was a public road; nor does he allege that he had any enforceable private right to use any of said roads. Therefore, complainant has not been deprived of any right. The Highway Commission has done no more than the owners of the land over which these roads run could have done without compensating complainant.
There is another reason the demurrer should have been sustained. Appellee states in his complaint that he has no plain, adequate and complete remedy at law, but his prayer is that he be given damages or in-junctive relief by requiring the Highway Commission to furnish him access to his land. The bill of complaint shows that damages would satisfy complainant without equity’s aid. The bill does not allege any facts from which a decree for injunctive relief could be fashioned if it should be taken as confessed. Therefore, the demurrer ought to be sustained because no equity jurisdiction is shown.
The order overruling the demurrer is reversed, judgment is entered here sustaining the demurrer, and the case is remanded.
Reversed, judgment here sustaining demurrer, and remanded.
RODGERS, BRADY, PATTERSON and SMITH, JJ., concur.