357 So.2d 107 (1978)
Ernest R. COUCH, N.C.M., by Ruthie Jerome Scarborough, next friend
v.
Dr. Ramino J. MARTINEZ et al.
No. 50156.
Supreme Court of Mississippi.
February 8, 1978.
Laurel G. Weir, Philadelphia, for appellant.
William E. Ready, Meridian, for appellees.
EN BANC:

ON PETITION FOR REHEARING
BOWLING, Justice, for The Court:
On September 28, 1977, this cause was affirmed without a written opinion. The appellant has filed his petition for rehearing and brief thereon. A majority of the Court are of the opinion that the petition should be granted. The heretofore affirmance of the cause without written opinion is therefore set aside and the following opinion adopted.
Appellant, a non compos mentis, by next friend, filed his declaration in the Circuit Court of Lauderdale County. The lower court sustained a general demurrer filed by both defendants to the declaration. It would serve no useful purpose to set out the declaration in this opinion and discuss in detail each part thereof as to whether all parts taken together state a cause of action. It suffices to say that a majority of the Court are of the opinion that a cause of action is sufficiently stated to require that the general demurrers be overruled and the cause proceed to further development under rules of practice and procedure.
Mississippi Code Annotated section 11-7-35 (1972) states:
The declaration shall contain a statement of the facts constituting the cause of action, in ordinary and concise language, without repetition; and if it contains sufficient matter of substance for the court to proceed upon the merits of the case, it shall be sufficient. It shall not be an objection to maintaining any action that the form thereof should have been different.
The declaration prepared by appellant's attorney is inartfully drawn and should have stated appellant's cause of action more clearly than was done. As heretofore stated, however, a majority of the Court are of the opinion that the allegations of the declaration come within the provisions of the above statute. The cause is therefore reversed and remanded for further proceedings.
REVERSED AND REMANDED.
*108 INZER, P.J., SMITH, P.J., ROBERTSON and LEE, JJ., concur.
PATTERSON, C.J., and SUGG, WALKER, and BROOM, JJ., dissent.
PATTERSON, Chief Justice, dissenting:
I concur in the dissent of Justice SUGG. Attached is a copy of the declaration which is said to state a cause of action. I do not think it does in ordinary and concise language as prescribed by statute.
A reading of the copy of the declaration will point out, in my opinion, its legal conclusions, omissions and deficiencies. At least I cannot state the trial court erred in sustaining the demurrer.
SUGG, J., joins in this dissent.
 CIRCUIT COURT LAUDERDALE COUNTY, MISSISSIPPI, NO: 514-H
 ERNEST R. COUCH, N.C.M. BY
 RUTHIE JEROME SCARBROUGH, HIS ADULT
 NEXT FRIEND PLAINTIFF
 VS.
 DR. RAMINO J. MARTINEZ, ET AL. DEFENDANTS

DECLARATION
1. The adult Plaintiff, ERNEST R. COUCH, N.C.M., files this suit by his adult daughter and next friend, RUTHIE JEROME SCARBROUGH, and shows the Court that the Plaintiff and the adult Defendants are all resident citizens of Lauderdale County, Mississippi, where the cause of action sued on occurred. The adult Defendants are DR. JAMES T. CHAMPION and DR. RAMINO J. MARTINEZ.
2. On or about September 25, 1976, the Plaintiff had been a patient at East Mississippi State Hospital for more than one year, and for a long period of time prior to that date had been under the constant care and treatment of DR. RAMINO J. MARTINEZ and DR. JAMES T. CHAMPION. At all times mentioned in this Declaration, the said DR. RAMINO J. MARTINEZ was the agent and servant of DR. JAMES T. CHAMPION, acting in the scope of his authority and in furtherance of the business of DR. JAMES T. CHAMPION.
3. For a long period of time prior to said date, and including said date, the said ERNEST R. COUCH had gangrene and this fact was well known by both Defendants and both Defendants had been advised by Competent medical doctors and others that he was in need of hospitalization and treatment that could not be afforded at East Mississippi State Hospital, and that he should be at a Hospital such as Riley Memorial Hospital, or some other qualified hospital. For a long period of time, prior to said date, his gangrene condition had been permitted to become worse by the negligence on the part of DR. RAMINO J. MARTINEZ and DR. JAMES T. CHAMPION, to an extent the flesh cleaved from the bones on both legs and lower extremities, and so that his infection became grave and stayed in an infectuous stage and his temperature rose to more than 105 degrees. The said DR. RAMINO J. MARTINEZ and DR. JAMES T. CHAMPION, both negligently failed to provide competent medical attention for the Plaintiff, and both negligently failed to have his gangrene properly treated and cared for and both negligently permitted him to suffer and his leg condition to go untreated, and his gangrene condition to not properly be treated. Finally, on September 25, 1976, over the objections of Defendants, by the hard efforts of the family of Plaintiff, the Plaintiff was removed to F.G. Riley Memorial Hospital, where it became necessary for both of his legs to be amputated immediately, and the infection cared for, and proper medical attention administered by doctors.
4. Both Defendants negligently failed to provide proper medical attention for Plaintiff; both Defendants negligently permitted *109 Plaintiff to suffer with gangrene for a long period of time without properly having same cared for; both Defendants negligently failed to heed the advice of competent medical doctors, who advised them that he was in need of hospitalization and treatment at other institutions; both Defendants negligently failed to care for his infection and give him proper care and treatment so that his legs could be saved without amputation and his infection not be great, and so that his temperature would not stay at such heighth; and both Defendants both negligently failed to give proper medical attention to an extent that it endangered the very life of Plaintiff, and this was done in a willful and grossly negligent manner; and both Defendants negligently failed to see that Plaintiff received proper nursing and medical care so that he was not toilet facilities and not properly bathed, cleaned, and nursed, and cared for; and both negligently refused to furnish the services of the ambulance owned by the East Mississippi State Hospital to transport Plaintiff to a proper hospital where he could be cared for by proper doctors; and both Defendants both negligently failed to release the Plaintiff from the Hospital, so that he could be cared and treated for at some other Hospital and by other doctors because of the Code of Ethics of the Hospital and doctors not wanting to receive a patient when the other doctors and hospitals were claiming to properly care for him, even though they were not properly caring for him.
5. As a direct and proximate result of the gross carelessness and negligence of Defendants aforesaid, the Plaintiff has suffered a large amount of pain and suffering, and will continue to suffer a large amount of pain and suffering in the future because of the negligence of Defendants aforesaid; and Plaintiff has incurred a large amount of medical, doctor bills, hospital bills and drug expenses, and will continue to incur such expenses in the future because of the negligence of Defendants aforesaid; and Plaintiff has lost wages and income and will continue to do so in the future because of the negligence and carelessness of Defendants aforesaid; and Plaintiff has lost both legs and permanent injuries to his body as a whole because of the gross negligence and carelessness of Defendants aforesaid.
6. All of the injuries and damages of Plaintiff are the direct and proximate result of the gross carelessness and negligence of Defendants aforesaid, and Plaintiff is entitled to recover punitive damages in this matter.
7. Plaintiff brings this suit and demands judgment against Defendants, jointly and severally, in the sum of THREE MILLION DOLLARS ($3,000,000.00), actual and punitive damages, together with all Court costs in this case.
ERNEST R. COUCH, N.C.M., BY RUTHIE JEROME SCARBROUGH, NEXT FRIEND, ALL BY THEIR ATTORNEY, LAUREL G. WEIR, Box 156, Philadelphia, Mississippi 39350:
 (s) Laurel G. Weir 
 LAUREL G. WEIR
SUGG, Justice, dissenting:
I dissent because the declaration does not state a cause of action against the defendants, and the trial court properly sustained the general demurrer.
The principle is well established that pleadings are construed most strongly against the pleader. Tattis v. Karthans, 215 So.2d 685 (Miss. 1968) and cases cited in Mississippi Digest, Pleading, key number 34(4). It is equally well established that, on demurrer, a declaration is construed most strongly against the pleader. Mississippi State Highway Commission v. Irby, 190 So.2d 445 (Miss. 1966); Mitchell v. Atlas Roofing & Manufacturing Co., 246 Miss. 280, 149 So.2d 298 (1963). We have also held that, on demurrer, doubtful allegations in a declaration will be construed against the pleader. Otis v. Gulf & Ship Island R. Co., 197 Miss. 56, 19 So.2d 241 (1944). We held in Ross v. Louisville & N.R. Co., 178 Miss. 69, 172 So. 752 (1937) that section *110 11-7-35 Mississippi Code Annotated (1972)[1] does not change the rule that pleadings are to be taken most strongly against the pleader.
In Taylor v. Twiner, 193 Miss. 410, 9 So.2d 644 (1942), this Court stated:
The principle is general that a pleading is construed most strongly against the pleader, from which it follows that a pleader may not rely on inferences to be drawn in his favor from the facts stated by him unless the inference is a necessary inference, that is to say, one which is inescapable, or unavoidable from the standpoint of reason; and an inference is not inescapable or unavoidable if another and a different inference may be reasonably drawn from the facts as stated. When the existence of a particular fact is necessary to be shown, else the party relying thereon will have no cause of action, he cannot have that fact imported into his pleading through the device of inference unless, as aforestated, it is an inescapable inference, one not avoidable by any other reasonable inference. If this were not true, then the rule would be reversed and instead it would be that a pleading is considered, not most strongly against the pleader, but in his favor. (193 Miss. at 419, 9 So.2d at 646).
Plaintiff's declaration must therefore be examined in accordance with the above principles to determine if it states a cause of action against the defendants. The declaration alleges that: (1) plaintiff had been a patient at East Mississippi State Hospital for more than a year before September 25, 1976. (2) Plaintiff had been under the constant care and treatment of Dr. Ramino J. Martinez and Dr. James T. Champion. (3) Dr. Martinez was the agent and servant of Dr. Champion, acting in the scope of his authority and in furtherance of the business of Dr. Champion. (4) For a long time before September 25, 1976, and on that date, plaintiff had gangrene and this fact was well known by both defendants who had been advised by competent medical doctors that he was in need of hospital care and treatment that could not be afforded at East Mississippi State Hospital. (5) Plaintiff's condition had been permitted to become worse by the negligence of defendants. (6) Defendants both negligently failed to provide competent medical attention for plaintiff and failed to have his gangrene properly treated and permitted plaintiff's condition to go untreated. (7) Plaintiff was removed to F.G. Riley Memorial Hospital on September 25, 1976 over the objection of defendants "by the hard efforts of the family of plaintiff," where it became necessary for both of plaintiff's legs to be amputated immediately. (8) Plaintiff repeated his charge that defendants negligently failed to provide proper medical attention for him and negligently permitted him to suffer with gangrene "for a long period of time without having the same cared for." (9) Plaintiff repeated his allegation that defendants failed to heed the "advice of competent medical doctors, who advised them that he was in need of hospitalization and treatment at other institutions." (11) Plaintiff repeated his allegation that defendant negligently failed to give proper medical attention and that this was done in a willful and grossly negligent manner. (12) Defendants negligently failed "to see that plaintiff received proper nursing and medical care so that he was not (apparently some words are omitted) toilet facilities and not properly bathed, cleaned, and nursed, and cared for." (13) Defendants negligently refused to "furnish the services of the ambulance owned by the East Mississippi State Hospital to transport plaintiff to a proper hospital where he could be cared for by proper doctors." (14) Defendants negligently failed to release plaintiff from the hospital so that he could be "cared for and treated at some other hospital and by other doctors because the code of *111 ethics of the hospital and doctors not wanting to receive a patient when the other doctors and hospitals were claiming to properly care for him."
The cause of action in this case rests on the ground that a physician-patient relationship existed between plaintiff and defendants. The declaration charges a mixture of malpractice and failure to provide medical services but does not allege the manner in which the relationship of physician and patient was established.
In Braun v. Riel, 40 S.W.2d 621, 80 A.L.R. 875 (1931) the Supreme Court of Missouri stated:
Whether a physician volunteers his professional services to a suffering person or whether he contracts to render such services, or in whatsoever manner the relation of physician and patient is established, that relation and the manner of its creation should be pleaded and proved before a physician can be held liable as for a tort for any suffering of or injury or death to the patient arising out of his treatment or nontreatment of the patient during the relationship ... (40 S.W.2d at 622, 80 A.L.R. at 878, 879).
The requirement in Braun merely applied the familiar rule which obtains in this state that when a cause of action is based upon a duty owed by one party to another party, such duty must be alleged in the pleadings. The declaration in this case omits any facts pertaining to the manner in which the relationship of physician and patient was established, if in fact it existed. When the trial judge sustained the general demurrer, plaintiff was given the opportunity to amend, but declined. I would affirm because the declaration does not show the manner of the creation of the relationship of the physician and patient, if any. Neither may we draw a necessary or inescapable inference from the facts alleged in the declaration that the relationship of physician-patient existed. Absent this relationship there was no duty owed the plaintiff by the defendants.
PATTERSON, C.J., and WALKER and BROOM, JJ., join this dissent.
NOTES
[1] The declaration shall contain a statement of the facts constituting the cause of action, in ordinary and concise language, without repetition; and if it contains sufficient matter of substance for the court to proceed upon the merits of the cause, it shall be sufficient. It shall not be an objection to maintaining any action that the form thereof should have been different.