437 So.2d 387 (1983)
Lawrence & Betty LITTEN
v.
GRENADA COUNTY, Ms.
No. 54410.
Supreme Court of Mississippi.
August 17, 1983.
Rehearing Denied October 5, 1983.
Stewart Guernsey, Cambridge, Mass., Carl E. Guernsey, Jackson, for appellants.
Gore, Gore & Purdie, Jay Gore, Jr., Carothers, Fedric & Laster, W.H. Fedric, Grenada, for appellee.
Before WALKER, P.J., and DAN M. LEE and ROBERTSON, JJ.
DAN M. LEE, Justice, for the Court:
This action was commenced on December 21, 1981, when Grenada County filed a bill to confirm title to three parcels of land. Public notification to unknown claimants *388 was accomplished by publication the same day. The only persons to respond were the appellants, the Littens, who filed an answer and cross-bill on February 12, 1982, claiming fee simple ownership of a portion of one of the parcels involved. On March 10, 1982, the County made a motion for summary judgment alleging that the Littens were not abutting landowners in the position to question the use of property the County intended to use for right of way easements. The chancellor took the matter under advisement until April 2, 1982, when he issued a decree sustaining the motion "in conformity with Rule 56(e) of the Mississippi Rules of Civil Procedure."
The Littens then petitioned the chancery court for an emergency injunction to prevent continued activity on the part of Grenada County in digging trenches and laying water pipes. From a reading of the record it is unclear exactly what transpired except that the chancellor entered an order dismissing the petition. Subsequently the attorneys for the County filed a motion for the allowance of attorneys' fees alleging that prior to the hearing on the injunction the Littens' attorney notified them of such hearing. The motion further alleges that at the time of the hearing the County's attorneys were present and that co-counsel for the Littens' attorney appeared and requested a continuance. The chancellor granted the motion and awarded $400 in attorneys' fees.
The first issue is whether the chancellor erred in granting a summary judgment. The record is clear that the chancellor intended to act in conformity with Rule 56(e) of the Mississippi Rules of Civil Procedure. However, it must be remembered that this action was filed before the rules became effective. Because the rules apply only to those actions "filed on or after January 1, 1982," the chancellor was in error in attempting to apply them in this action. There being no summary judgment available, the chancellor's order must be reversed.
As to the matter of attorneys' fees we must say the chancellor was in error. In the absence of statutory authority attorneys' fees are available only in special circumstances. Aetna Casualty and Surety Company v. Steele, 373 So.2d 797 (Miss. 1979). Because the record is void of any showing of special circumstances we conclude that the award of attorneys' fees was also error.
We therefore reverse the granting of summary judgment and the award of attorneys' fees.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, PRATHER and ROBERTSON, JJ., concur.