454 So.2d 1305 (1984)
Dr. J. Shelvey HOLLAND, Jr.
v.
Dr. Verne R. KENNEDY, Dorothy Barham, Thomas Hood, Norman H. McCrummen, III, and Belhaven College.
No. 54340.
Supreme Court of Mississippi.
August 22, 1984.
Abe Rotwein, John L. Maxey, II, Cupit & Maxey, Jackson, for appellant.
Joseph L. McCoy, McCoy, Wilkins, Noblin & Anderson, Thomas H. Suttle, Jr., Daniel, Coker, Horton & Bell, Jackson, for appellees.
Before BOWLING, HAWKINS and ROBERTSON, JJ.
HAWKINS, Justice, for the Court:
Shelvey Holland, Jr., has appealed from a summary judgment against him in the Circuit Court of the First Judicial District of Hinds County, in which he had sued Belhaven College and its officers.
Because the original declaration was filed prior to January 1, 1982, we reverse.
Holland was employed by Belhaven College, and on April 1, 1981, was given written notice his services would terminate May 31, 1981.
On December 30, 1981, he filed a declaration against Belhaven and its president Verne R. Kennedy. The defendants demurred; the circuit judge sustained the demurrer by order dated March 31, 1982; and gave the plaintiff until April 19, 1982, to file an amended declaration.
An amended declaration was filed, which named Dorothy D. Barham, Thomas G. Hood and Norman H. McCrummen, III, as additional parties defendant.
The defendants made a motion for summary judgment under Rule 56(b) of our Mississippi Rules of Civil Procedure. The plaintiff made a motion to strike, and the circuit judge overruled the motion. He held that while the original declaration was filed in 1981 prior to the Rules becoming effective, the court dismissed it on demurrer, and the plaintiff had filed an amended declaration bringing in new parties, all after the effective date of the Rules. Therefore, the court held that Rule 56 was applicable to this case.
Following the filing of numerous affidavits and a hearing, the circuit judge found there was no genuine issue as to any material fact, and all defendants were entitled to a summary judgment as a matter of law. He accordingly entered a summary judgment in favor of all defendants.
While we view this case an excellent example of a proper disposition of a case under Rule 56 and would find no error in the court's having entered summary judgment in the defendant's favor; under Litten v. Grenada County, 437 So.2d 387 (Miss. 1983), we are compelled to hold Rule *1306 56 was not applicable to this case. The amended declaration was a continuation of the original filed prior to January 1, 1982, the effective Rules date.
We therefore reverse and remand for proceedings consistent with this opinion.
REVERSED AND REMANDED.
WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
PATTERSON, C.J., not participating.