483 So.2d 694 (1986)
Mrs. Mozell SATCHER
v.
Dr. Winfred WISER, Dr. Marcia Newsom, Dr. Brooks Griffin, Dr. Linwood Shannon, and Laura Lewis.
No. 55217.
Supreme Court of Mississippi.
February 19, 1986.
Rehearing Denied March 12, 1986.
John A. Nichols, Banks & Nichols, Isaac K. Byrd, Jr., Owens & Bryd, Jackson, for appellant.
Jimmie B. Reynolds, Steen, Reynolds, Dalehite & Currie, Carl F. Andre, Louis G. Baine, Baine & Moore, Jackson, Thomas W. Tyner and H. Alex Brinkley, Aultman, Tyner, McNeese, Weathers & Gunn, Hattiesburg, Joseph L. McCoy, McCoy, Wilkins, Noblin, Anderson & Stephens, Jackson, for appellees.
En Banc.
PATTERSON, Chief Justice, for the Court:
Mrs. Mozell Satcher filed suit against the doctors and nurse (named above) in Circuit Court of the First Judicial District of Hinds County prior to the effective date of the Mississippi Rules of Civil Procedure. Each defendant demurred to the declaration, as amended, and each demurrer was sustained. Aggrieved with these rulings, Mrs. Satcher appeals and assigns as error:
1. The court erred in sustaining appellees' general demurrers to appellant's amended declaration and dismissing this cause with prejudice;
2. The court erred in sustaining appellees' affirmative defenses to appellant's amended declaration and dismissing this cause with prejudice.
The amended declaration of Mrs. Satcher, in pertinent part, designated the following as defendants: Dr. Winfred Wiser, a *695 staff physician of the Obstretrics and Gynecology Section of the University of Mississippi Medical Center; Dr. Marcia Newsom, a physician in her first year of residency training at the University of Mississippi Medical Center; Dr. Brooks Griffin, a physician in his second year of residency training at the University of Mississippi Medical Center; Dr. Linwood Shannon, a physician in his fourth year of residency training at the University of Mississippi Medical Center; and Laura Lewis, a registered nurse at the University of Mississippi Medical Center. The material allegations of the declaration are common to each of the defendants except Dr. Newsom, who was alleged to be the "primary or main treating physician." The declaration follows in part:
"At all times material herein, Defendant Newsom was a physician in her first year of residency training at The University of Mississippi Medical Center, licensed to practice medicine in the State of Mississippi, and who was the primary or main treating physician at same hospital with respect to the treatment, diagnosis, care and management of Mrs. Satcher's labor, and who had a duty to exercise
(a) a proper diagnosis of Mrs. Satcher and her infant's condition,
(b) good medical judgment in the treatment, diagnosis, care and management of Mrs. Satcher and her infant,
(c) proper management of Mrs. Satcher's labor,
(d) proper care and attention to Mrs. Satcher and her infant, and not to abandon the care and treatment of Mrs. Satcher and her infant, and
(e) the prequisite training in the treatment, diagnosis, care and management of Mrs. Satcher and her infant."

* * *
"On or about 11:15, September 23, 1979, Mrs. Mozell Satcher was admitted to The University of Mississippi Medical Center complaining of labor pains and engaged The University of Mississippi Medical Center, the defendants and the staff at said hospital to care and treat her in the delivery of her baby. Mrs. Satcher at this time was having strong pains and had been having strong pains since 9:00 p.m.
At 3:00 a.m., September 24, 1979, Mrs. Satcher was admitted to the labor room.
At 3:30 a.m., September 24, 1979, Mrs. Satcher's membranes were ruptured.
At 3:50 a.m., September 24, 1979, Mrs. Satcher had completely dilated cervically.
At 7:17 a.m., September 24, 1979, the infant was spontaneously delivered.
Said infant was still born upon delivery, with aspiration of the amniotic contents and a cerebral edema."

* * *
"The Defendants failed in all of their duties owed Mrs. Satcher and her infant.
As a direct and proximate result of the Defendant's negligence, Mrs. Satcher, her husband and minor children are entitled to due compensation from the Defendants, jointly and severally, in a sum sufficient to fully compensate them for the loss of the infant as daughter and sister, ...

* * *
WHEREFORE, Plaintiff demands judgment of and from the Defendants, jointly and severally, in the sum of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) ..."
In our opinion the declaration alleges only general legal conclusions and does not specify with particularity any acts or omission of acts constituting negligence on the part of the respective defendants. Although a declaration either states a cause of action by its allegation or does not do so because of the lack thereof, the standard by which such determination is made remains constant. In Couch, N.C.M. v. Martinez, 357 So.2d 107 (Miss. 1978), the dissent collates the authorities expressing such standards and although not there persuasive, the authorities cited remain intact and the reasoning appropriate for application to the questioned declaration now before us. In pertinent part the following is stated:

*696 The principle is well established that pleadings are construed most strongly against the pleader. Tattis v. Karthans, 215 So.2d 685 (Miss. 1968) and cases cited in Mississippi Digest, Pleading, key number 34(4). It is equally well established that, on demurrer, a declaration is construed most strongly against the pleader. Mississippi State Highway Commission v. Irby, 190 So.2d 445 (Miss. 1966); Mitchell v. Atlas Roofing & Manufacturing Co., 246 Miss. 280, 149 So.2d 298 (1963). We have also held that, on demurrer, doubtful allegations in a declaration will be construed against the pleader. Otis v. Gulf & Ship Island R. Co., 197 Miss. 56, 19 So.2d 241 (1944). We held in Ross v. Louisville & N.R. Co., 178 Miss. 69, 172 So. 752 (1937), that Section 11-7-35, Mississippi Code Annotated (1972), does not change the rule that pleadings are to be taken most strongly against the pleader.
In Taylor v. Twiner, 193 Miss. 410, 9 So.2d 644 (1942), this Court stated:
The principle is general that a pleading is construed most strongly against the pleader, from which it follows that a pleader may not rely on inferences to be drawn in his favor from the facts stated by him unless the inference is a necessary inference, that is to say, one which is inescapable, or unavoidable from the standpoint of reason; and an inference is not inescapable or unavoidable if another and a different inference may be reasonably drawn from the facts as stated. When the existence of a particular fact is necessary to be shown, else the party relying thereon will have no cause of action, he cannot have that fact imported into his pleading through the device of inference unless, as aforestated, it is an unescapable inference, one not avoidable by any other reasonable inference. If this were not true, then the rule would be reversed and instead it would be that a pleading is considered, not most strongly against the pleader, but in his favor. (193 Miss. at 419, 9 So.2d at 646).
* * * * * *
The cause of action in this case rests on the ground that a physician-patient relationship existed between plaintiff and defendants. The declaration charges a mixture of malpractice and failure to provide medical services but does not allege the manner in which the relationship of physician and patient was established. 357 So.2d at 109-111.
As noted the present declaration does not state any facts with particularity and the allegations express only legal conclusions insufficient to state a cause of action in our opinion. It is well established that some of the necessities to state a cause of action for negligent malpractice against a physician are to assert with some specificity the doctor's duty to care for the patient; the factual circumstances giving rise to the duty, as well as an undertaking to perform such duties; and the act, acts or omissions thereof constituting the breach of the undertaken duties. This would require a following allegation that the failure alleged was the proximate cause of the damage incurred by the plaintiff.
We think notable the allegation, "The Defendants, jointly and severally, knew or should have known by the exercise of reasonable care, that their actions or lack of actions, among other things, in not performing a timely cesarean section, or by not delivering the infant by timely forceps delivery constituted a breach of the aforementioned duties," in that it does not assert that the performance of either a cesarean section or a forceps delivery would have resulted in a viable birth. The facts asserted and the conclusions reached lead only to an inference that had the physicians done one or the other the result would have been different. The cases cited above denounce this scattergun approach. We therefore think the trial court correctly sustained the demurrers and having so decided, we do not reach the remaining assignment of error.
We are aware the requirements of complaints filed subsequent to the effective date of the Mississippi Rules of Civil Procedure are not as stringent as the case presently *697 before us. Here we are concerned only with the pre Mississippi Rule of Civil Procedure declarations and the standard by which such declarations are measured to ascertain whether they state a cause of action or not.
AFFIRMED.
WALKER and ROY NOBLE LEE, P.Js., and HAWKINS, J., concur.
ROBERTSON, DAN M. LEE, PRATHER and SULLIVAN, JJ., dissent.
ANDERSON, J., not participating.
ROBERTSON, Justice, dissenting:
This case surely represents the final chapter regarding the late yet I trust not lamented demurrer, a procedural device of archaic origins which met its long overdue demise on January 1, 1982. From the grave the demurrer haunts us one last time and with our acquiescence thwarts procedural justice in this medical malpractice action.
The majority recites the essential allegations of the declaration. To my mind these allegations are more than adequate to state a cause of action and withstand a demurrer. Indeed, I am confident that the great majority of pre-rules lawyers in this state would not have even thought of filing a demurrer to such a declaration  and not just for the traditional practical reason of avoiding the education of one's adversary.
The majority opinion ultimately belies its weakness with its citation, not to the majority but to the dissenting opinion in Couch v. Martinez, 357 So.2d 107 (Miss. 1978). That the majority here can find no recent case law supporting its position, that it finds itself compelled to rely on a dissent speaks volumes. In the face of this, I do not know what to say except to cite the conclusory language from the majority opinion in Couch to the effect that
a cause of action is sufficiently stated to require that the general demurrers be overruled and the cause proceed to further development under rules of practice and procedure.
357 So.2d at 107.
This conclusion to my mind applies here.
I emphasize, of course, that nothing said here should be taken as suggesting any opinion regarding the merits of Plaintiff Satcher's action. What, and all, I would have the Court today hold is that, under our pre-January 1, 1982 rules of practice and procedure, Satcher is entitled to her day in court wherein she should have the opportunity to prove the allegations of her declaration.
Fortunately, this will never happen again. Were this an action under the governance of the Mississippi Rules of Civil Procedure, a motion to dismiss for failure to state a claim under Rule 12(b)(6) would certainly be denied. Luckett v. Mississippi Wood, Inc., 481 So.2d 288 (Miss. 1985); Stanton & Associates v. Bryant Construction Company, 464 So.2d 499, 505-06 (Miss. 1985).
There is a second issue in the case. I am of the opinion that the trial court had no authority under Miss. Code Ann. § 11-7-59 (1972) to dismiss this action under the guise of sustaining so-called affirmative defenses of the various defendants.
The defenses the trial judge purported to hear under Section 11-7-59 were not affirmative defenses. An affirmative defense is similar to a demurrer. It says, assuming everything plaintiff alleges to be true, defendant wins as a matter of law because of some fact beyond the declaration. Examples of affirmative defenses are accord and satisfaction, privilege, statute of limitations. Compare list contained in Rule 8(c), Miss.R.Civ.P.
The defenses heard and sustained here were defense to the merits: Each Defendant simply denies the allegations and says he or she has done nothing wrong. These are not affirmative defenses.
What the trial judge did was invoke the procedure of Section 11-7-59 and engraft *698 onto that Rule 56, Miss.R.Civ.P. The judgment he granted for Defendants is in effect a summary judgment. If this had been a post-Rules case, I would agree: This is an ideal case for summary judgment, at least as to most of the Defendants. We have held, however, that the summary judgment procedure and standards may not be applied in pre-January 1, 1982 cases without the consent of the parties. Holland v. Kennedy, 454 So.2d 1305 (Miss. 1984); Litten v. Grenada County, 437 So.2d 387 (Miss. 1983); Brown v. Credit Center, 444 So.2d 358, 361-62 (Miss. 1983).
For these reasons, I respectfully dissent.
DAN M. LEE, PRATHER and SULLIVAN, JJ., join in this opinion.