FEDERAL LAND BANK OF NEW ORLEANS *v.* FIDELITY & DEPOSIT CO. OF MARYLAND.

(Division B. May 8, 1933.)

[147 So. 917. No. 30620.]

**Wells, Jones, Wells & Lipscomb**, of Jackson, for appellant.

Watkins, Watkins & Eager, of Jackson, for appellee.

Argued orally by **W. Calvin Wells**, for appellant, and **P. H. Eager, Jr.**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellee executed a bond unto appellant by which appellee obligated itself to assure appellant against "any loss that the obligee may sustain by reason of certain attorneys failing faithfully (and/or validly or legally according to law in the respective states) to perform their respective duties in instituting and conducting the foreclosure proceedings in the States of Alabama, Louisiana and Mississippi. . . . This bond shall secure the obligee from loss including necessary attorneys fees and all actual expenses, resulting from defending unsuccessful as well as successful attacks, which may be made on the validity or legality of foreclosure proceedings covered hereunder or rights derived or deraigned thereunder."

The appellant, Federal Land Bank, made a large loan to a husband and wife secured by a deed of trust on lands in Bolivar county. The debtors defaulted on the first installments of principal and interest due November 1, 1926, and thereafter, on January 27, 1927, the executive committee of the bank passed a resolution declaring the

entire amount' of the indebtedness due, and the president of the bank was directed to employ the attorney, who was also the trustee in the deed of trust, to foreclose. The attorney and trustee, who had been theretofore approved and listed by appellee as one among those covered by its bond, did not proceed promptly, but delayed until May 2, 1927, when the trustee made sale only for the first installments, and the trustee moreover became the purchaser at his own sale. While en route to make the sale mentioned, the trustee saw the debtors and acquainted them with his plans to become himself the purchaser, to which no objection was made.

Much is said in the briefs on the point whether a trustee could sell to himself, but this now has no material bearing on the merits, because the trustee failed to consummate the sale to himself by making a deed and paying over the money, but, on the contrary, he delayed and did nothing except to look for a purchaser.

The bank, not being able to obtain any valuable results, or any results, from the first alleged sale began to insist that the attorney-trustee make another sale, and this time for the entire amount due. On October 3, 1927, pursuant to a notice published in a qualified newspaper, the trustee sold the property to the mortgagee for five thousand dollars, which, according to the recitals in the opinion hereinafter to be mentioned, was only about from one-sixth to one-tenth of the actual value of the property at that time. The attorney-trustee failed to notify the debtors that the first sale had failed of consummation or had been repudiated, and it is admitted that the debtors had no knowledge of the second sale and did not appear to protect their interests.

The bank sold the land for less than the loan when interest and expenses are calculated, and thereupon the bank sued the original debtors for the difference. Annexed to the original bill as an exhibit is the opinion of this court dealing with the case then instituted and

which is reported in 160 Miss. 546, 134 So. 180. It will thus be observed that in its attempt to recover a decree over against the debtors before proceeding against the surety—which was proper—the bank failed in its efforts.

Thereafter the bank instituted the suit against the bonding company to recover the deficiency, averring that it was the result of the fault of the attorney that the court declined to render a deficiency decree against the original debtors. The principal complaint in the bill is the failure of the attorney-trustee to give actual notice to the debtors of the second sale. A demurrer to the original bill was sustained, and thereupon an amended bill was filed. In this bill there were some additional material allegations made, and also there were omitted some items that had had a substantial bearing in the sustaining of the demurrer to the original bill. The same demurrer was interposed, and being sustained an order was entered allowing an appeal to settle the principles of the case.

The appeal to settle the principles of the case was improperly allowed so far as that ground is concerned, and could not be considered here. Liberty Trust Co. v. Planters' Bank, 155 Miss. 721, 124 So. 341, and cases therein cited. However, in Yazoo & M. V. R. Co. v. James, 108 Miss. 656, 67 So. 152, it was held that the appellate court is not bound by the recitals of grounds in the decree allowing the interlocutory appeal, but that it will be entertained if authorized by any of the provisions of the statute. Owing to the peculiar attitude of the case, we think the appeal may be upheld as an exceptional case on the ground of the prevention of delay.

Coming, to the merits, there is but one legal question which we will now decide, and that is, that the bond in this case secured legality and validity on the part of the acts and proceedings of the attorney, and goes farther than to secure merely that the attorney will proceed according to the best of his skill and ability. No specific

authority is cited by either party on the point, but the purpose as well as the language of the bond amply bears out this conclusion. We do not decide in point of fact whether the failure to give notice to the mortgagors wa, the fault in this case of the attorney, or, if so, whether it was his sole fault, or whether the fault was in whole or in part that of the bank. The facts must be fully developed on this as well as upon other issues, as we shall hereinafter mention.

Appellee contends that since the attorney was the trustee in the deed of trust, all his actions were as trustee, and since the bond guaranteed only the validity of steps taken by attorneys, the bond does not apply. Appellant replies vigorously to this contention, and it is contended by one of the parties that upon this point there hinges the turning point in the case. And yet neither of the parties cited any direct authority on the point, contenting themselves with general observations on general principles. There are numerous authorities on this exact subject, and the limitations and qualification of the rule are set out in some of them.

But without further pursuing the several points raised, we say that it is apparent that this case ought to be developed on its full facts and not be attempted to be disposed of on demurrer, and there are several reasons for this, apparent on this record, which will not be of sufficient profit here to detail. We will therefore employ and will again call attention to the rule laid down in Hesdorfer v. McKay (Miss.), 128 So. 356, 357, that while the amended bill as now drawn is sufficient to withstand a demurrer and while we would not say that the complainant is correct in all instances or features in its application of law to the several facts involved, we are of the opinion that this case presents a situation where it would be better and would better contribute "towards exact justice to all parties that the full facts in all their details and exact circumstances shall be developed and placed

before the court, and that the court shall then apply the law, rather than attempt such an application in detail upon an ex parte view of these complicated facts, as must be'' in this case ''upon demurrer.'' This case presents, in our view, an example, for the application of the text found in section 310, Griffith, Miss. Chan. Practice: ''At several points heretofore it has been stated that a general demurrer of no cause of action will not be sustained if enough in ordinary and concise language is contained in the bill to reveal equitable merits. It seems, too, that the trend of modern judicial decision is against the attempt to settle close and difficult questions of law and right on a demurrer. If the demurrer raise merely a doubtful question or if the case be such that the cause of justice will probably be promoted by a determination of the ultimate right only on answer and proof, the court ought to exercise a fair judicial discretion to that end, although it may be that in technical point, the grounds of the demurrer are sustainable in strict law.''

Reversed and remanded.