GULLY, STATE TAX COLLECTOR, *v.* BRIDGES *et al.*

(Division B.   Sept. 24, 1934.   Suggestion of Error Overruled Oct. 22, 1934.)

[156 So. 511.   No. 31242.]

**J. H. Currie** and **J. C. Floyd**, both of Meridian, for appellant.

892

J. A. **Covington, Jr.**, of Meridian, for appellees.

**Anderson, J.**, delivered the opinion of the court.

Appellant, the state tax collector, filed the bill in this case in the chancery court of Lamar county against appellees, L. C. Bridges, attorney for the board of supervisors for that county, and the members of the board of supervisors of the county and the sureties on their official bonds, the United States Fidelity & Guaranty Company, charging that the board of supervisors unlawfully allowed, during the years 1929 and 1930, to the county attorney the sum of three hundred seventy-eight dollars and fifty-five cents, expenses incurred by him in performing the duties of his office, and seeking to hold appellees jointly and severally liable therefor. Appellees interposed a general demurrer to the bill, which was sustained by the court, and, appellant declining to amend, a final decree was entered dismissing the bill, from which decree appellant prosecutes this appeal.

The bill alleged that the board of supervisors during the years 1929 and 1930 allowed and paid its attorney Bridges out of the general funds of the county three

hundred seventy-eight dollars and fifty-five cents, the aggregate amount of traveling expenses incurred by him in the performance of his duties as such attorney in making eight trips to Jackson, one to Hattiesburg, and one to Meridian, and that there was no authority of law for such allowances; therefore they were illegal and appellant was entitled to recover them back for the county, plus interest and the statutory commission of twenty per cent.

Appellees defended upon the ground that the allowances were authorized by law, and whether authorized or not appellant's bill failed to properly charge the necessary facts to constitute liability. We will consider those questions in the order stated.

Section 272 of the Code of 1930 authorizes the board of supervisors in its discretion to employ counsel by the year at an annual salary not to exceed six hundred dollars, or to employ counsel in all civil cases in which the county is interested, and in criminal cases against a county officer for malfeasance or dereliction of duty in office, when, by the criminal conduct of the officer, the county may be liable to be affected pecuniarily, to conduct the proceedings, instead of the district attorney, or in conjunction with him, and to pay such counsel, out of the county treasury, reasonable compensation for his services.

Appellee Bridges was employed under the first clause of the statute, that is, by the year at an annual salary of six hundred dollars. There is no provision in that statute, nor in any other, authorizing the board of supervisors to pay the traveling expenses of its attorney in the performance of his duties, except those while representing the board before the state tax commission provided for in section 3178, Code of 1930.

Section 255, Code of 1930, provides, among other things, that when any claim against the county is allowed by the board, in whole or in part, the order making such allowance shall specify the page and particular section of the

law under which such allowance is made, and on what account. Construing that statute, our court has held that a warrant issued under an order of the board that does not specify the statute under which it is allowed is void. Beck v. Allen, 58 Miss. 143; Land v. Allen, 65 Miss. 455, 4 So. 117; Newton County Bank v. Perry County, 135 Miss. 129, 99 So. 513.

The only statute authorizing the board of supervisors to allow its county attorney an expense account incurred in the performance of his duties is section 3178, Code of 1930. That section authorizes the payment of such an account incurred in attending the equalization meeting.; of the state tax commission held at the capitol. There is no provision of law for the state tax commission to hold such a meeting elsewhere.

There is no merit in the appellees' contention that the bill fails to properly charge liability as against the general demurrer, because its averments set out not facts but conclusions from facts not stated. Certainly, the county attorney's expense account incurred in going to Meridian and Hattiesburg could not have been in the performance of his duties before the state tax commission in representing his county, because under the law the state tax commission could not have held such a meeting at Meridian or Hattiesburg. The state capitol was the only place it could be held. The bill, therefore, was not entirely without merit. The rule is that if there be sufficient equity on the face of the bill to require an investigation of the facts, in other words if the bill has some merit, and considered as a whole it shows a good cause of action, it will stand as against a general demurrer. Griffith's Chancery Practice, sections 170, 291, 298, and 310, and cases in the footnotes.

The bill charges that all the allowances were unauthorized by law. An itemized expense account of the county attorney was made part of the bill. As above stated, two of those items were for expenses incurred in trips to Hattiesburg and Meridian. Those expenses were

unauthorized because, as shown, the state tax commission could not meet at either of those places to perform the duties required of it by section 3178.

Section 259, Code of 1930, provides that if a board of supervisors shall appropriate money to an object not authorized by law, the members of the board who did not vote against the appropriation shall be liable personally for such sum, etc. The appropriation involved was to a purpose not authorized by law, unless the expense account for the trips to Jackson was incurred by the county attorney in the performance of his duties under section 3178 of the Code.

Reversed and remanded.