WHITE et al. v. TURNER et al.

(In Banc. Nov. 27, 1944.)

[19 So. (2d) 825. No. 35686.]

266

Martin & Farr, of Prentiss, for appellants.

Livingston & Livingston, of Prentiss, for appellees.

Argued orally by **G. L. Martin,** for appellants, and by **W. H. Livingston,** for appellees.

**Griffith, J.,** delivered the opinion of the court.

The land here involved was owned at the time of his death by Isom Weathersby, who died intestate in 1887, and was survived by his widow and six children, one of whom was W. Owen Weathersby, so that each of the survivors, including W. Owen Weathersby, inherited as tenants in common an undivided one-seventh interest. W. Owen Weathersby died intestate in 1909, leaving his two children, complainants herein, together with another, as his heirs at law, each inheriting an undivided one-third of the one-seventh undivided interest, that is to say, 1/21 interest each. W. Owen Weathersby had never made any grant or conveyance of his interest, nor have his two heirs who are the complainants herein.

Complainants filed their bill, not for partition, but in a double aspect (a) to cancel a deed of trust on the land held by the Federal Land Bank, and (b) to establish their heirship and quiet their title to the undivided interest of complainants against the other defendant, Turner, who, as the bill alleges, holds undivided interests through mesne conveyances from the heirs of Isom Weathersby, other than W. Owen Weathersby.

The bill is not precise as to whether the deed of trust to the Land Bank purported to convey the whole interest in the land or only the undivided interest of the grantors therein, and it is not stated who the grantor or grantors therein were. Likewise as to the mesne conveyances above mentioned,—there is no precise allegation as to whether they or any of them purported to convey an en-

tire interest, and, unless some deed has done this, and the bill is pointed directly at such a deed, there is no basis in the situation here presented for the suit as one to cancel. We turn, therefore, to the bill as one to establish and quiet title, and so doing we are confronted with the rule that such a bill in lieu of an ordinary action at law in ejectment can be properly maintained only when the land is not in the possession of one claiming adversely to complainants.

The bill inferentially admits that the holders under the mesne conveyances from the other heirs of Isom Weathersby are or have been in possession of the land, but it avers that all such holders had notice of the outstanding interest of W. Owen Weathersby, and that they have held permissively as tenants in common,—that they have never asserted any claim of ownership in the entire interest in the land, and that there has never been any ouster of complainants or any adverse holding as against them. Tenants in common are presumed to hold, as the bill has alleged, until the contrary is made to appear, and this, of course, is an issue as to which the burden is on him who asserts the contrary.

The defendants filed a general demurrer, and also a special demurrer, the latter raising the defense of the statute of limitations of ten years. Under their general demurrer, which was sustained by the trial court, they have argued that the allegations of the bill as to the absence of any adverse holding are vague and are in effect mere conclusions of the pleader without a sufficient specification in point of fact to sustain the conclusions. In their argument upon both demurrers, defendants resort to their answer, filed along with the demurrers, and base their main argument upon what is brought into the case by their answer. In Reed v. Reed, 197 Miss. 261, 19 So. (2d) 745, we have again called particular attention to the fact that upon the demurrer, the bill and demurrer are looked to solely, and that a demurrer cannot be aided in the slightest by an answer. And we call attention to

the point whether vagueness or indefiniteness of aver-ment may be reached by general demurrer, as to which see Griffith's Chan. Pr., sec. 298, pp. 298-300.

Turning to the special demurrer which raises the statute of limitations of ten years under Section 2286, Code 1930, Section 710, Code 1942: In support of it, defendants rely on Jones v. Rogers, 85 Miss. 802, 38 So. 742, but they overlook that Jones v. Rogers was expressly overruled by Kennedy v. Sanders, 90 Miss. 524, 539, 43 So. 913. We had occasion to remark in a recent case that a fee simple title to land can be alienated or lost only (1) by grant in writing, (2) by estoppel, (3) by tax sale or condemnation, or (4) by adverse possession. Here, if complainants have lost title, it has been by actual adverse possession and nothing else; and nothing is better settled than that adverse possession is an issue which must be pleaded and proved by him who relied on it. And it is equally well settled that when a party relying on adverse possession raises it by demurrer, he must find the allegations to sustain it in the bill itself, and that in such case the allegations of the bill with all its inferences will be taken strongest against the demurrant. Taylor v. Twiner, 193 Miss. 410, 9 So. (2d) 644, 646. This is all that is necessary to say upon our conclusion that the special demurrer as to adverse possession is not sustainable, and that the same conclusion must follow as to the general statute of limitation of ten years, Section 710, Code 1942, Section 2286, Code 1930. See Kennedy v. Sanders and Taylor v. Twiner, supra.

Recurring, then, to the general demurrer, we have had the matter in several conferences and have been unable to agree whether the bill states a cause good against a general demurrer,—it is hard to tell whether the bill has been skilfully drawn or whether otherwise. But of one thing we feel reasonably certain, namely, that if only a part of the time that has been put upon this case, by counsel and by the court, in the tedious labor of attempting to walk the tight rope in determining the doubtful

issue whether or not under one or the other of its phases the bill is beyond the reach of a general demurrer, has been put upon the hearing of the case on its merits by witnesses in ready call of the parties and of the court, the whole matter could have been well settled long ago upon the facts, and the precise facts as they have actually existed. We, therefore, apply here and repeat what was said in Taylor v. Twiner, supra:

"This is another among the cases which continue to come to this Court on demurrer when all the facts of the case ought to have been developed under answers. We repeat what was said in Federal Land Bank v. Fidelity & D. Co., 165 Miss. 715, 721, 147 So. 917, 918: 'The trend of modern judicial decision is against the attempt to settle close and difficult questions of law and right on a demurrer. If the demurrer raise merely a doubtful question or if the case be such that the cause of justice will probably be promoted by a determination of the ultimate right only on answer and proof, the court ought to exercise a fair judicial discretion to that end, although it may be that in technical point, the grounds of the demurrer are sustainable in strict law.'

"If the facts exist which would sustain the affirmative defenses urged in this case, there could be no difficulty in setting them up in answers, and we can see in the situation presented no occasion for any difficulty in proving them. Courts should not be called on in such cases to eke out the facts by the dubious and laborious process of inference, and we must decline to do so here."

The rule as set forth in the quoted paragraphs is one which has found favor, and to which adherence is given, in equity courts generally, as may be seen from the text and the note cases in support of it in 30 C. J. S., Equity, section 298, p. 735.

Reversed and remanded.