McMILLIN, C.J.,
for the Court:
¶ 1. David Earl Brown brought suit against Evelyn Joyce Akin to quiet and confirm the title to a tract of real property of approximately four acres in Lauderdale County as described in a quitclaim deed executed by Akin to Brown in 1987. Akin owned a tract of similar size immediately to the south of the Brown tract and there existed a dispute between the two as to the proper location of their common boundary. Brown and Akin had obtained their property as an inheritance from their father. The quitclaim deed was executed as a part of a series of deeds being executed by Brown, Akin, and several remaining brothers and sisters, the principal intended purpose being to divide one acre of land that belonged, at the time, to a sister of the parties. According to the evidence, the property in dispute consisted of a strip of land approximately eighteen feet wide, and there is no disagreement that this disputed strip of land was described in the quitclaim deed from Akin to Brown.
¶ 2. Akin answered Brown’s suit and included a counterclaim in which she affirmatively asserted that she “claim[ed] title to the above disputed property through adverse possession as to [Brown] and has exercised all claims of ownership.” Later *895 in the proceeding, the chancellor determined, for reasons that have no bearing on the issue before us, that in order for Akin to pursue her counterclaim, she must join her son, Bruce Akin, as a necessary party. Upon Akin’s failure to do so within the time permitted by the chancellor, the chancellor entered an order dismissing the counterclaim with prejudice and directing that “this action shall be set for hearing only on the Plaintiffs Complaint and the Defendant’s Answer thereto .”
¶ 3. Shortly after trial commenced, Akin’s counsel moved for leave to amend her answer to once again assert a claim to the disputed property based on adverse possession. Brown objected, claiming that the issue of adverse possession had been finally disposed of by the previous order of the court dismissing Akin’s counterclaim with prejudice and that it was too late in the process to revive that issue by amending the pleadings after trial had commenced. Despite Brown’s objection, the chancellor allowed the amendment and ultimately awarded the disputed strip to Akin based on her claim of adverse possession. Brown now alleges that to allow so fundamental an amendment to the pleadings at such a late stage in the proceeding was an abuse of the discretion afforded a trial court in such matters. We agree.
¶ 4. Mississippi Rule of Civil Procedure 15(a) provides that, after a certain stage in the proceeding, “a party may amend his pleadings only by leave of court....” M.R.C.P. 15(a). The rule then states that such “leave [to amend] shall be freely given when justice so requires.” M.R.C.P. 15(a). The trial court enjoys substantial discretion in ruling on proposed amendments to the pleadings. Knotts by Knotts v. Hassell, 659 So.2d 886, 889 (Miss.1995). However, that discretion is not absolute and is subject to appellate review on an abuse of discretion standard. Id.
¶ 5. Adverse possession is in the nature of an affirmative defense that must be pled. Stewart v. Graber, 754 So.2d 1281 (¶ 16) (Miss.Ct.App.1999) (citing White v. Turner, 197 Miss. 265, 19 So.2d 825, 826 (1944)). If it is not properly pled, it is deemed to have been waived. Id. A party, in preparation for trial — especially when trial is imminent — is entitled to proceed on the basis that the dispute will be resolved on the issues raised by the pleadings. In this case, Akin’s counterclaim asserting adverse possession was dismissed with prejudice on May 7, 1999. Once that occurred, the sole issue for trial as framed by the pleadings was Brown’s claim of title by virtue of his quitclaim deed from Akin in 1987 and Akin’s defense in her answer, which amounted to an allegation that the deed was ineffective as being obtained by fraud or misrepresentation. From the date of the dismissal of the counterclaim until the trial date arrived on November 19, 1999, Brown was entitled to prepare for trial on this issue alone. It is quite easy to discern the marked difference between developing witnesses and evidence necessary to defeat a claim that Akin’s execution of a deed obtained in 1987 was procured by fraud or misrepresentation, on the one hand, and obtaining witnesses and evidence to defeat a claim that Akin had been adversely possessing a particular parcel of land for more than ten years on the other. The two issues have essentially nothing in common from an evidentiary standpoint other than the fact that both bear on the rightful title to the same tract of real property.
¶ 6. In justifying such a belated and fundamental shift in the nature of Akin’s claim to the disputed property, the chancellor observed that Brown’s complaint had asked the court to determine “[a]ll *896 adverse claims to said property.” She then seized on this language to say that the plaintiffs own complaint fairly put him on notice that adverse possession might be an issue at trial. We reject that reasoning. We do not read that phrase as indicating an anticipation on Brown’s part that Akin intended to assert a claim by way of adverse possession. The immediately preceding paragraph of Brown’s complaint specifically requested that Akin, in answer to the suit, “be required to set forth the nature of her claim to the described real property.” The term “adverse possession” is a legal term of art relating to real property that has a specific and limited meaning. Brown’s use of the phrase “adverse claims,” on the other hand, was clearly intended to have a more generic meaning that could apply to any theory by which Akin sought to defeat Brown’s record title. It seems odd, at best, to suggest that by his own pleadings a plaintiff may put a claim at issue that, according to conventional rules of pleading, must be affirmatively pled by the defendant.
¶ 7. The chancellor also noted that discovery had been ongoing during the time that Akin’s counterclaim was in effect so that Brown had ample opportunity to explore the strength of Akin’s adverse possession claim and prepare to meet it. Nevertheless, once the counterclaim was dismissed, Brown was entitled to disregard that aspect of the case no matter how much information he had garnered about it and concentrate his trial preparation on the sole remaining issue in the case, ie., whether his deed from Akin granting him record title to the disputed property was procured by fraud or misrepresentation.
¶ 8. Despite whatever liberality in the amendment process the rules allow, we conclude that to require Brown, after trial had commenced, to try what was, in essence, an entirely different lawsuit from the one framed in the pleadings was an abuse of the discretion by the chancellor.
¶ 9. As to Akin’s alternate theory of ownership, having its foundation on the proposition that Brown obtained her execution of the 1987 quitclaim deed by fraud or misrepresentation, we observe that such claims must be shown by clear and convincing evidence. Boling v. A-1 Detective & Patrol Serv., Inc., 659 So.2d 586, 590 (Miss.1995). A review of the record indicates that Akin presented almost no evidence to support this contention other than her own testimony that Brown told her that the deed would not change the existing line between them. There can be little doubt that the evidence presented by Akin was insufficient as a matter of law to prove by clear and convincing evidence that Brown obtained her signature on the 1987 quitclaim deed by fraud or misrepresentation.
¶ 10. In view of the fact that adverse possession was not properly before the court because of the untimeliness of Akin’s attempt to amend her pleadings, and in further view of the fact that the evidence to support Akin’s claim of fraud or misrepresentation was insufficient, we conclude that no dispute of fact or law remains to be resolved and that, therefore, remand would be inappropriate. Rather, the appropriate resolution of this appeal is to reverse and render judgment in favor of Brown confirming his title to the property as described in the 1987 quitclaim deed to him from Akin.
¶11. THE JUDGMENT OF THE CHANCERY COURT OF LAUDER-DALE COUNTY IS REVERSED AND JUDGMENT IS RENDERED FOR THE APPELLANT CONFIRMING HIS TITLE TO THAT PROPERTY DESCRIBED IN THE 1987 QUITCLAIM DEED FROM THE APPELLEE. *897 COSTS OF THE APPEAL ARE ASSESSED TO THE APPELLEE.
KING AND SOUTHWICK, P. JJ., PAYNE, BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.