BARNES, J.,
 

 for the Court:
 

 ¶ 1. Dennis and Barbara Henry were granted summary judgment in their boundary-dispute action with their next door neighbor, Georgia Chariot. The judgment found that the Henrys had legal title to the disputed property and ordered Chariot to remove from the Henrys’ property steps to a trailer home and a fence that Chariot had constructed on the property. From this order Chariot appeals, raising issues regarding the court’s denial of her motion for leave to amend her answer to assert the defense of adverse possession and regarding the propriety of the court’s granting summary judgment to the Henrys.
 

 ¶ 2. Finding no error in the chancery court’s judgment, we affirm.
 

 
 *1238
 
 SUMMARY OF FACTS AND PROCEDURAL HISTORY
 

 ¶ 3. The property that is the subject of this lawsuit is a quadrilateral-shaped portion of the southern end of the Henrys’ property on Second Street in Pass Christian, Mississippi. In 1986, the Henrys acquired the property by a warranty deed from Barbara’s great aunt. Prior to the Henrys’ acquisition of the property, they hired Gulfport registered land surveyor, James R. Clarke, to run the calls in the Henrys’ deed. Clarke found there were no encroachments on the surveyed property-
 

 ¶ 4. The Henrys held exclusive possession of the property until November 2006 when their next door neighbor, Chariot, moved a FEMA trailer near the eastern boundary of the Henrys’ property. The trailer was so close to the Henry’s property that the steps of the trailer were placed on the Henrys’ property. Then in January 2008, Chariot placed a wooden fence on the Henrys’ property enclosing it and preventing the Henrys from having the use of a large portion of their property. The Hen-rys sent Chariot a certified letter on February 15, 2008, telling her that her fence and trailer steps were wrongly encroaching upon their property and demanding the removal of the encroachments. The letter was mailed to Chariot, but it was returned to sender unclaimed. The Hen-rys then filed suit in March 2008 against their neighbor Chariot to confirm and quite title to their property and to have the encroaching fence and steps removed.
 

 ¶ 5. In January 2008, at the behest of the Henrys, Clarke again surveyed the property and confirmed the bearings for each call in the legal description of the Henry’s property as found in the 1986 survey. However, he noted that a mobile home had been placed adjacent to the Henrys’ property near the eastern boundary and that the steps from this mobile home were placed on the Henrys’ property. Also, Clarke noted that an old fence running along the eastern boundary of the Henrys’ property had been cleared and that a new wooden fence had been constructed on the Henrys’ property extending westward and southward diagonally from the Chariot mobile home to a point near the southwest corner of the Henrys’ property, enclosing a quadrilateral-shaped portion of the southern end of the Henrys’ property. Clarke stated in an affidavit that he had checked the Harrison County land records to see if there had been any conveyances that would account for the new state of the property, but he found none. Instead, he confirmed the dimensions of Chariot’s property as a narrow rectangular shaped property, with a width of 25.5 feet along Second Street and a length running south from Second Street for a distance of 467 feet. His survey established that the Henrys and Chariot had a common boundary on the eastern side of the Henrys’ property and the western side of Chariot’s property. Clarke noted that the new fence did not follow the same line as the old wire fence, and he opined that the fence and the steps encroached upon the Henrys’ property.
 

 ¶ 6. After the Henrys’ complaint was filed, the parties agreed to the defense’s motion for a thirty-day extension in which to allow Chariot to answer the complaint, and on May 22, 2008, Chariot did so. It is important that we examine Chariot’s answer for what was not in the answer as much as for what was in the answer. As her first affirmative defense, Chariot moved to dismiss the complaint based upon Rule 12(b)(6) of the Mississippi Rules of Civil Procedure for failure to state a claim upon which relief may be granted. Her second affirmative defense was that
 
 *1239
 
 the Henrys were barred from bringing a claim against Chariot based upon the doctrine of waiver and estoppel. Her third affirmative defense was that the action was barred by the relevant statute of limitations. Her fourth affirmative defense was that she “specifically and affirmatively reserves and invokes all other defenses available unto her including but not limited to all defenses set forth in Rules 8(c) and Rule 12(b) of the Mississippi Rules of Civil Procedure ... and/or at common law for which a good faith legal and/or factual basis exists in her favor.” The paragraph concluded that Chariot “further reserves the right to supplement these preliminary defenses via amendment or separate motion.” What was not in Chariot’s answer was the affirmative defense of adverse possession and a counterclaim claiming adverse possession. Also, Chariot did not deny those portions of the Henrys’ complaint which showed that they held good title.
 

 ¶ 7. Discovery was propounded by the parties, and on November 13, 2008, the Henrys filed a motion for summary judgment. In the motion, the Henrys set out the information which showed their right to the disputed property: the affidavit of Clarke and its attachments and the Hen-rys’ deed which deraigned title in their predecessor more than 100 years. In response, Chariot presented no deraignment of title, deed, or other document of record that would show she was the owner of the disputed property. She submitted an affidavit which the chancellor found did no more than “state the history of various fences that bounded her property” and would only be of interest if she were asserting a defense or counterclaim of adverse possession. Further, the Henrys pointed out Chariot had not denied that the Henrys had acquired title to the property by a fee simple transaction as a bona-fide purchaser. The Henrys’ summary-judgment motion said that the deraignment of title to the Henrys’ property, together with the survey by Clarke and his attached affidavit and exhibits attached to it, entitled them to summary judgment. The summary-judgment motion also pointed out that Chariot did not raise adverse possession as a defense or counterclaim in her answer which the Henrys said would be the only way that Chariot could even attempt to claim the property under these facts.
 

 ¶ 8. Not surprisingly, just over a week after the Henrys’ summary-judgment filing, Chariot filed a motion for leave to supplement her pleadings with a counterclaim trying to add adverse possession as an affirmative defense and a counterclaim. Chariot said that the amendment was necessary for her to “confirm title to her property through adverse possession.” Chariot further stated that the amendment to the answer was necessary because the Henrys’ complaint “is unclear as to whether they own all or a portion of [Chariot’s] property.” The Henrys responded that they found the preceding statement surprising as they were not making a claim to any of Chariot’s property, but they were requesting the court to confirm their title to their own property. In opposition to the motion to amend, the Henrys said that after a certain stage, Rule 15(a) of the Mississippi Rules of Civil Procedure allows a party to amend a pleading only by leave of court or upon written consent of the adverse party. They did not give consent. The Henrys pointed out that while Rule 15(a) allows the court to freely grant leave to amend, it also states that “leave to amend shall be freely given when justice so requires”; thus, they assert that the discretion to amend is not absolute citing
 
 Knotts ex rel. Knotts v. Hassell,
 
 659 So.2d 886, 889 (Miss.1995).
 

 
 *1240
 
 ¶ 9. On December 11, 2008, Chariot filed a motion for a more definite statement and a motion for a continuance; the next day, she filed a motion to dismiss, and thereafter a response and memorandum in opposition to Henrys’ motion for summary judgment. In the pleading in opposition to summary judgment, Chariot argued for the first time that she occupied and possessed the property at issue and that she did not waive the defense of adverse possession by not including it in her answer. The following day Chariot’s affidavit was filed in which she stated that she owned equitable title to the property at issue, “[bjecause her ancestors lived on this property since on or around January 28, 1886.”
 

 ¶ 10. All of the motions were taken up at a December 17, 2008, hearing. As to the issue of allowing Chariot to amend her pleadings, the chancellor found the motion should be denied. Chariot argued that under Rule 15(a) she should be allowed to amend her answer because the Henrys’ complaint was unclear as to the identity of the property at issue. The chancellor found that Rule 15(a) provides that leave to amend pleadings should be “freely given when justice so requires,” and she noted that Mississippi Rule of Civil Procedure 13(f)
 
 [1]
 
 expounds upon Rule 15(a) by allowing omitted counterclaims to be set up due to the pleader’s “oversight, inadvertence, or excusable neglect.”
 

 ¶ 11. The chancery court found, however, that Chariot had not alleged that the counterclaim was omitted due to oversight or neglect; instead, Chariot had based her motion on an assertion that the Henrys’ complaint was unclear as to the identity of the property. Thus, the chancellor determined she must decide the issue “on whether justice requires that leave to amend be given.” The chancellor found that Chariot’s argument was “spurious” “at best.” She said that the complaint contained a full description of the Henrys’ property, had a deraignment of title with further descriptions which even state the “land of Chariot” as a boundary, and contained deeds with yet another description of the property. The chancery court noted that Chariot had been given additional time to answer the complaint. Had Chariot been confused about the property in question in the complaint, the chancellor found that she should have filed a motion for a more definite statement under Rule 12(e) of the Mississippi Rules of Civil Procedure.
 
 [2]
 
 The chancery court said it was not until a week after the Henrys had filed their motion for summary judgment that Chariot attempted to amend her answer by adding a “brand-new counterclaim.” The chancellor found that Chariot had offered no explanation for the delay in asserting the counterclaim over a six-month period between the time of her answer and the motion to amend. The chancery court also noted that the case was already set for trial on January 7, 2009, and the plaintiffs had already propounded discovery, which Chariot did not respond to until November 6, 2008. The chancery court found that allowing the counterclaim would result in undue delay and would prejudice the Henrys. The chancellor found that Chariot had failed to exercise due diligence
 
 *1241
 
 by waiting as long as she did to bring the counterclaim; therefore, the motion for leave to amend was denied.
 

 ¶ 12. The chancery court next considered the Henrys’ motion for summary judgment. The chancellor ruled that the Henrys’ complaint had deraigned their title to the property including the disputed property and that Chariot admitted in her answer that: the Henrys had acquired their property in exchange for good and valuable consideration; the Henrys had acted in good faith; and a title search had been performed at the time of purchase. Further, the chancellor found that the Henrys neither had any notice of any adverse claims nor should they have known of any adverse claims. The chancellor said that the Henrys’ claim was supported by evidence of registered surveyor Clarke who had performed a survey in July 1986 when the Henrys bought the property and then again in October 2008. Clarke’s affidavit stated that his survey confirmed the bearings for each call in the legal description of the Henrys’ property. Further, Clarke said that at some time between the dates of the two surveys that steps from a trailer home, which were placed very near the line between the Henrys and Chariot properties, had encroached upon the Hen-rys’ property and that a wooden fence had been built across the Henrys’ property. The chancellor found that Chariot neither claimed to be the record owner of the disputed property nor did she dispute the Henrys’ chain of title. During the motion hearing, Chariot’s counsel admitted that the only way Chariot could claim the property would be by adverse possession, but Chariot did not assert the defense of adverse possession until the hearing.
 

 ¶ 13. The chancellor then cited oúr decision in
 
 Stewart v. Graber,
 
 754 So.2d 1281, 1284 (¶ 16) (Miss.Ct.App.1999) which states that failure to assert adverse possession as an affirmative defense waives that defense, and the chancery court ruled that Chariot had failed to assert a claim to the disputed property. Even though the adverse-possession defense was waived, the chancellor did consider whether Chariot was in possession of the disputed property. The chancery court said that in order to maintain an action to confirm and quiet title, the complainant must either be the owner in possession of the land or, if out of possession, that there be no adverse occupancy of the land, citing Mississippi Code Annotated section 11-17-29 (Rev.2004). The chancellor found that Chariot had filed an affidavit which recalled the history of the various fences that bounded her property, but the chancellor noted that none of the statements in Chariot’s affidavit contradicted the statements in Clarke’s affidavit. Chariot told the chancery court that her complaint on its face showed that she was in possession of the disputed property. However, the chancellor noted that “unlawful invasions or acts of trespass,” when timely challenged do not necessarily constitute possession or adverse occupancy of a type which blocks the confirmation process citing
 
 Bickham v. Bates,
 
 246 Miss. 171, 181, 150 So.2d 138, 143 (1963). The chancellor said that the Henrys had been in constructive possession of the property since the conveyance of the July 26, 1986, warranty deed and that their possession was exclusive and uninterrupted until Chariot encroached upon the property by placing the steps of her trailer on the Henrys’ property and then erecting a fence through the Henrys’ property without their permission. The chancellor found that by immediately contesting Chariot’s encroachments, the Henrys stopped Chariot’s actions from metamorphosing into possession by ouster.
 

 ¶ 14. The chancellor concluded that the Henrys’ motion for summary judgment should be granted and that title to the
 
 *1242
 
 disputed property was confirmed and quieted in the Henrys. Further, the chancellor ordered Chariot to remove the trailer steps and the fence from the Henrys’ property. The chancellor entered her judgment on February 9, 2009.
 

 Motion to Reconsider or Amend Judgment and Motion to Stay Judgment
 

 ¶ 15. Chariot timely filed a motion for a new trial to reconsider or amend the judgment and a motion to stay judgment pending disposition of the motions. Arguments were held on Chariot’s motions. Chariot attempted to persuade the chancellor that each of the reasons the chancellor found for denying the motion to amend was faulty.
 

 ¶ 16. First, Chariot claimed that she had attempted to amend her answer prior to the filing of the Henrys’ motion for summary judgment. Her attorney attached his affidavit in which he said that he had attempted to amend the answer to add a counterclaim of adverse possession. The attorney said he requested counsel for the Henrys to consent to amending the answer, but the Henrys’ counsel said that he would not agree. Attached to the affidavit was a letter from the Henrys’ counsel dated November 13, 2008, in which he transmitted the Henrys’ motion for summary judgment to Chariot’s attorney and stated that the motion had been set for argument on December 17, 2008. In the letter, the Henrys’ attorney also said the following: “I recall that you intended to file a motion to amend your answer. If you still intend to file the motion, please set it for that day as well.” The chancellor rejected this as “evidence” stating: “Whatever communication occurred outside of the Court regarding amendments is of no consequence. Matters properly before the Court must appear of record.” The chancellor found that Chariot had not filed any request to amend her answer until a week after the Henrys had filed their motion for summary judgment.
 

 ¶ 17. Second, Chariot argued that the chancellor was wrong when she found that there was no reason which justified the six-month delay between the defendant’s answer and her motion for leave to amend. Chariot said that discovery was ongoing during this time and was being used to resolve some of the issues in the case. Also, Chariot cited cases that she said supported her position that the defense of adverse possession must not be asserted in the answer or be waived. The chancery court found that Chariot was making the same assertions that she made prior to the judgment and that she had “clearly misinterpreted the case law cited by the Court in its decision.” The chancellor said that Chariot’s understanding of
 
 Stewart
 
 is that adverse possession does not have to be raised in the initial pleadings or be waived. However, the chancellor said that
 
 Stewart
 
 stands for just the opposite conclusion as it cites to
 
 White v. Turner,
 
 197 Miss. 265, 19 So.2d 825, 826 (1944): “[Njothing is better settled than that adverse possession is an issue which must be pleaded and proved by him who relies on it.” In
 
 StewaR,
 
 which also involved a boundary-line dispute, we stated that the issue of adverse possession, even though not presented in the answer, was tried by consent as there was “considerable” evidence regarding adverse possession presented during the trial, and it was “openly” argued during closing arguments.
 
 Stewart,
 
 754 So.2d at 1284-85 (¶ 17). The chancellor said that unlike
 
 Stewart,
 
 the Henrys objected to Chariot’s untimely attempt to raise the defense of adverse possession.
 

 ¶ 18. Third, Chariot argued that the chancellor erred when she found that there were no reasons justifying the six-month delay between Chariot’s answer being filed
 
 *1243
 
 and her bringing the motion to amend the answer to add the adverse-possession claim. Chariot again argued that the delay was justified because discovery did not begin until late September 2008, and this was a time when the parties had “an opportunity to get a better understanding of what the averments of the compliant are and what the plaintiffs are actually suing for.” Again, the chancellor explained that if Chariot was unclear as to what the Henrys’ claims were, the correct procedure would have been to file a motion for a more definite statement under Rule 12(e) of the Mississippi Rules of Civil Procedure.
 
 [3]
 
 Further the chancellor found that Chariot had not stated a reason for delay other than that discovery was ongoing, and she ruled that the commencement of discovery in and of itself is not justification for delay in asserting a claim that was available prior to discovery. The chancellor’s judgment denying Chariot’s motion for a new trial or to reconsider judgment was entered on April 3, 2009. Chariot timely filed her notice of appeal.
 

 ANALYSIS
 

 ¶ 19. We will not disturb the findings of a chancellor if the record reasonably supports them and if they are not clearly erroneous or an erroneous legal standard was applied.
 
 Mercier v. Mercier,
 
 717 So.2d 304, 306 (¶ 8) (Miss.1998). Any issues of law, however, will be reviewed de novo.
 
 Zeman v. Stanford,
 
 789 So.2d 798, 802 (¶ 12) (Miss.2001).
 

 I. Whether the chancellor erred in denying Chariot’s motion for leave to amend her answer in order to assert adverse possession as a defense in the action.
 

 II. Whether the chancellor erred by determining that Chariot had waived her right to assert adverse possession as a defense within her initial answer to the Henrys’ complaint.
 

 ¶ 20. As these two issues are interrelated, we will discuss them together.
 

 ¶ 21. Chariot claims that the chancellor erred by not allowing her to amend her answer to plead adverse possession. Motions for leave to amend complaints are left to the sound discretion of the trial judge. We review such determinations under an abuse-of-discretion standard, and unless we are convinced that the trial court abused its discretion, we are without authority to reverse.
 
 Moeller v. Am. Guar. and Liab. Ins. Co.,
 
 812 So.2d 953, 961 (¶ 26) (Miss.2002).
 

 ¶22. Mississippi case law establishes that the one who claims adverse possession must plead and prove it.
 
 White,
 
 197 Miss. at 271, 19 So.2d at 826. Further, in
 
 Stewart,
 
 754 So.2d at 1284 (¶ 16), we held: “Adverse possession must be pleaded and proved by the party who relies on it, and failure to do so waives that affirmative defense.” Chariot clearly did not file the affirmative defense of adverse possession in her answer to the Henrys’ complaint even though she was given additional time to answer. Six months later and two
 
 *1244
 
 weeks after the Henrys had filed their motion for summary judgment, Chariot filed a motion to supplement her pleadings in order to add adverse possession as a counterclaim. Chariot tried to bring in her claim of adverse possession through a pleading entitled, “Defendant’s Supplemental Pleadings: Counterclaim to Quiet and Confirm Title.” In this pleading Chariot claimed that even though she holds her land through a tax deed, the Chariot family has owned the property for more than 100 years. The sparse documentation of such ownership was an affidavit from Chariot attached to the pleading in which she discussed the location of various fences through the years. Also, the attached statement by a surveyor who was hired by Chariot mostly discussed the location of old fence posts, but it made no conclusions about ownership of the property.
 

 ¶ 23. Amendments to pleadings are addressed by Rule 15 of the Mississippi Rules of Civil Procedure, which provides in pertinent part: “A party may amend a pleading as a matter of course at any time before a responsive pleading is served,.... Otherwise a party may amend a pleading only by leave of court or upon written consent of the adverse party; leave shall be freely given when justice so requires.” M.R.C.P. 15(a).
 

 ¶ 24. In determining whether to grant Chariot leave to amend her answer to assert the affirmative defense of adverse possession as a counterclaim, the chancellor said it was necessary to consult Rule 13(f) of the Mississippi Rules of Civil Procedure governing omitted counterclaims. The chancellor determined that Chariot’s claim of adverse possession was ripe at the time the original complaint was served. The chancellor determined that Chariot did not allege that the omitted counterclaim was the result of oversight, inadvertence, or excusable neglect. Instead, Chariot contended that she did not originally assert the counterclaim of adverse possession because she was unclear of the property at issue. As the chancellor noted, the complaint filed by the Henrys contains a full description of the property, a deraignment of title with description that even name “the land of Chariot” as one of its boundaries, and the deeds with the full legal description of the land at issue were attached. Had Chariot been confused about the property at issue, her recourse would have been to file a timely motion for a more definite statement under Rule 12(e) of the Mississippi Rules of Civil Procedure.
 
 [4]
 

 ¶ 25. The Henrys said that they would be prejudiced by allowing Chariot to amend her answer. They said that on September 28, 2008, they had submitted them discovery request to Chariot based in part upon her answer to the complaint. The Henrys said that if adverse possession had been raised by Chariot, they would have conducted more extensive discovery on the issue. Also, the Henrys said they would be prejudiced because the trial was set for January 9, 2009, and they would not have had time to adequately conduct discovery on the issue of adverse possession prior to trial. The Henrys also argued that they would be prejudiced by requiring them to incur legal fees for a claim that the chancellor found Chariot had failed to provide any proof disputing the Henrys’ evidence.
 

 ¶ 26. Applying Rule 15 to the judgment of the chancellor, we find that the chancellor did not abuse her discretion by reject
 
 *1245
 
 ing Chariot’s motion to amend her answer to assert the affirmative defense of adverse possession as a counterclaim. After service on Chariot, she requested and received on April 22, 2008, thirty additional days in which to file her answer. She filed her answer on May 22, 2008. On August 20, 2008, the Henrys filed a motion for a trial setting stating that the parties had been unable to agree on a date and that the Henrys had sought a trial setting “at the earliest mutually convenient date” and had noticed the motion for September 2, 2008. On September 22, 2008, the chancery court administrator set the cause for trial on January 7, 2009. On September 25, 2008, the Henrys served discovery on Chariot. The discovery consisted of an initial set of combined requests for admissions, interrogatories, and requests for production of documents. On November 7, 2008, Chariot served her response to the plaintiffs’ request for admissions; and on November 10, 2008, Chariot served the defendant’s first set of interrogatories to the Henrys and served her request for production of documents. On November 13, 2008, the Henrys filed their motion for summary judgment stating that they confirmed their title to the disputed land through deeds and the affidavit of the land surveyor. They pointed out in paragraph XV of the motion that they had shifted the burden of proof to Chariot and that Chariot had not raised adverse possession as a defense or counterclaim; thus, she had waived adverse possession as a defense. No doubt upon receipt of the motion and brief, Chariot’s attorney realized that he had not pleaded the affirmative defense of adverse possession because only eight days after the Henrys’ motion had been filed, Chariot filed her motion for leave to amend her answer to include a claim for adverse possession. The supreme court has held:
 

 Freedom to grant leave to amend when justice so requires, as provided by the [Rule 15], diminishes as the litigation progresses. Since prejudice to the opposing party is the key factor governing the court’s discretion in granting leave to amend a pleading, the court will ordinarily refuse to grant such permission where the motion comes so late and in such circumstances that the right of the adverse party will necessarily be preju-dicially affected.
 

 McCarty v. Kellum,
 
 667 So.2d 1277, 1284-85 (Miss.1995) (quoting 61 Am.Jur.2d
 
 Pleadings
 
 § 315 (1981)).
 

 ¶ 27. Also, the supreme court has said that an application to amend a pleading should be made promptly and not be the result of a lack of diligence.
 
 TXG Intrastate Pipeline Co. v. Grossnickle,
 
 716 So.2d 991, 1011 (¶ 57) (Miss.1997) (citing
 
 Natural Mother v. Paternal Aunt,
 
 583 So.2d 614, 616-17 (Miss.1991)).
 

 ¶ 28. Recently, the supreme court has had occasion to address the issue of the amendment of pleadings in
 
 Hutzel v. City of Jackson,
 
 33 So.3d 1116 (Miss.2010), which was issued on May 6, 2010. The plaintiff, Homer Hutzel, contended that the trial court had erred when it allowed the City of Jackson to amend its answer to assert the affirmative defenses of release and accord and satisfaction when the City had failed to assert the defenses in its initial answer and had waited two years to claim the defenses.
 
 Id.
 
 at 1119 (¶ 11). To make its decision, the supreme court discussed the ruling in
 
 MS Credit Ctr., Inc. v. Horton,
 
 926 So.2d 167, 180 (¶ 44) (Miss.2006) in which it said: “A defendant’s failure to timely and reasonably raise and pursue the enforcement of any affirmative defense or other affirmative matter or right which would serve to terminate or stay the litigation, coupled with active participation in the litigation process, will or
 
 *1246
 
 dinarily serve as a waiver.” The
 
 Horton
 
 court said that it would not set a specific number of days which could be considered unreasonable delay in every case; instead, the supreme court deferred to the trial court to make such decisions on a case-by-case basis.
 
 Id.
 
 at 181 (¶ 45). The supreme court found that an eight-month unjustified delay in the assertion of the affirmative defense, coupled with active participation in the litigation, “constitutes waiver as a matter of law.”
 
 Id.
 
 Also, the
 
 Horton
 
 court ruled that its holding was not limited just to the assertion of the right to compel arbitration; the supreme court said that its pronouncement should be taken as the general rule for all affirmative defenses.
 
 Id.
 
 at 180 (¶ 44). Applying these rules, the
 
 Hutzel
 
 court found the City of Jackson had failed to raise several affirmative defensives in its answer, yet it tried to assert the affirmative defenses of release and accord and satisfaction some twenty-six months after the filing of its initial answer.
 
 Hutzel,
 
 33 So.3d at 1121 (¶ 19). This dilatory action by the City was found to satisfy the delay element for waiver.
 
 Id.
 
 at (¶ 20). As for active participation, the supreme court said that the City had not engaged in extensive pre-trial practice, but it had participated in discovery by filing interrogatories and requests for production.
 
 Id.
 
 at 1122 (¶ 25). As to the final element, the supreme court found that the City had offered no explanation for its failure to assert the affirmative defenses in a timely manner.
 
 Id.
 
 at 1121 (¶ 19). The only argument the City presented was that the affirmative defenses did not become apparent to it until well into discovery, an argument which the court found was belied by the facts of the case.
 
 Id.
 
 In conclusion, the supreme court found that pursuant to
 
 Horton
 
 and Rule 8(c) of the Mississippi Rules of Civil Procedure, the City waived its right to assert the affirmative defenses of release and accord and satisfaction because it had actively participated in the litigation and offered no reasonable explanation for the twenty-six month delay in raising the affirmative defenses.
 
 Id.
 
 at (1120).
 

 ¶ 29. Like the City, Chariot offered no credible reason for the six-month delay between the filing of her answer and the filing of her motion to amend the answer to raise the affirmative defense of adverse possession. Her excuse was that she was unsure what property was involved in the lawsuit. The chancellor called this reason “spurious,” and we agree. The Henrys’ complaint specifically described the disputed property by a clear deraignment of title and by a survey by a registered surveyor and an affidavit by the surveyor. The affirmative defense of adverse possession would have existed prior to the filing of the lawsuit, so it was not a fact which would have been found only through discovery. We find that the chancellor did not abuse her discretion in finding that Chariot had waived the defense of adverse possession.
 

 III. Whether the chancellor erred in granting the Henrys’ motion for summary judgment.
 

 ¶ 30. Chariot’s other assignment of error is that the chancellor erred in granting the Henrys’ summary-judgment motion when she claims genuine issues of fact exist.
 

 ¶ 31. We apply a de novo standard of review when reviewing a trial court’s grant or denial of summary judgment.
 
 Hudson v. Courtesy Motors, Inc.,
 
 794 So.2d 999, 1002 (¶ 7) (Miss.2001). “The evidence must be viewed in the light most favorable to the party against whom the motion has been made.”
 
 Russell v. Orr,
 
 700 So.2d 619, 622 (¶ 8) (Miss.1997). “The presence of fact issues in the record does not per se entitle a party to avoid summary judgment. The court must be convinced that
 
 *1247
 
 the factual issue is a material one, one that matters in an outcome determinative sense.”
 
 Simmons v. Thompson Mach. of Miss., Inc.,
 
 631 So.2d 798, 801 (Miss.1994) (quoting
 
 Shaw v. Burchfield,
 
 481 So.2d 247, 252 (Miss.1985)). “[T]he existence of a hundred contested issues of fact will not thwart summary judgment where there is no genuine dispute regarding the material issues of fact.”
 
 Id.
 
 Summary judgment should be granted only where the pleadings, discovery materials, and affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. M.R.C.P. 56;
 
 New Orleans Great N.R.R. Co. v. Hathorn,
 
 503 So.2d 1201 (Miss.1987);
 
 Brocato v. Miss. Publishers Corp.,
 
 503 So.2d 241 (Miss.1987).
 

 ¶ 32. Chariot claims there are five issues of material fact that require a trial on the merits. First is a claim that there .are issues relating to Chariot’s adverse-, possession claim that exist. However, since we have ruled that she waived her right to assert an affirmative defense of adverse possession, this claim is without merit. Second, Chariot claims there is an issue as to the actual description of the disputed property. She says the Henrys described the property as 512 East Second Street, but 512 is not adjacent to Chariot’s property. Instead, she said that the property which is adjacent to hers is 514 East Second Street. Chariot raised this issue at trial saying that the Henrys’ property is assigned the street number 512 and that her property is assigned a street number 516. The Henrys argued that Chariot waived the right to argue mistaken identity of the property because she agreed in her answer that: the Henrys acquired the disputed property in exchange for good and valuable consideration; the Henrys acted in good faith; and a title search was performed at the time the Henrys acquired the property, and they had no notice of adverse claims to the property. Such an argument as that advanced by Chariot might have been allowed to be raised in an adverse-possession proceeding; however, as we have repeatedly stated, Chariot waived her right to plead adverse possession. Further, other than just alleging the non-consecutive street numbers, Chariot has failed to show how this designation makes a difference. If the street number was the only legal description the Henrys had used to deraign their title, then perhaps it might matter. However, they showed their ownership of the property through various deeds, which contained legal description of the Henrys’ property by calls and courses along with a survey by a certified surveyor who filed an affidavit defining what was the Henrys’ property. This claim does not have merit. Third, Chariot claims that she and her predecessors in title were in possession of the disputed property for more than 100 years. This issue must fail because again it relates to a claim of adverse possession which was waived by Chariot. Fourth, Chariot claims that the location of the original old wire fence, which at one time may have been used as a property boundary, was never established. Once again, Chariot waived this argument for two reasons: first is that she accepted and agreed to the Henrys’ description of their property in her answer, and second, such an argument would only be relevant in an adverse-possession action. This issue is without merit. Chariot’s final reason for why the chancellor should not have granted summary judgment is a bit murky. She argues, we think, that elements of a boundary case have not been proven and that even if the court grants the Henrys’ complaint to confirm title to the property, which the Henrys possess, they will not gain the disputed property because the Henrys were not in possession of the dis
 
 *1248
 
 puted property. We assume that Chariot is saying that she is in possession of the disputed property. Chariot offers no citation of authority for this position, and case law clearly holds that “[flailure to cite relevant authority obviates the appellate court’s obligation to review such issues.”
 
 Bridges v. Kitchings,
 
 820 So.2d 42, 49 (¶ 27) (Miss.Ct.App.2002) (citing
 
 Williams v. State,
 
 708 So.2d 1358, 1362-63 (Miss.1998));
 
 see also Grey v. Grey,
 
 638 So.2d 488, 491 (Miss.1994);
 
 McClain v. State,
 
 625 So.2d 774, 781 (Miss.1993);
 
 Smith v. Dorsey,
 
 599 So.2d 529, 532 (Miss.1992). Be that as it may, this argument would be one which would be raised as an affirmative defense of adverse possession, which Chariot has waived. We find that Chariot’s entire argument that summary judgment should not have been granted is without merit.
 

 CONCLUSION
 

 ¶ 33. The Henrys submitted a deraignment of their title, along with three surveys by a registered surveyor, Clarke, who also provided an affidavit. The Clarke affidavit said he ran the calls on the Hen-rys’ deeds and found that the Henrys were the owners of the property on which Chariot had her trailer steps and on which she had built a large fence across the Henrys’ land. The chancery court found it was undisputed that the Henrys had been in possession of the land since the warranty deed conveyance in 1986. The chancellor found that the Henrys’ possession was exclusive and uninterrupted until Chariot encroached upon it by placing the steps to her trailer on the Henry’s property and then erected a fence through the Henrys’ property without their permission. The Henrys immediately challenged the encroachments by filing a suit to confirm title. Therefore, the chancellor ruled that Henrys were entitled to summary judgment declaring them as the owners of the property described in the deeds which includes the disputed property. Further, the chancellor ordered Chariot to remove the steps and the fence she had erected on the Henrys’ land.
 

 ¶ 34. We find that the chancellor’s grant of the Henrys’ motion for summary judgment was correct. We agree that there was no genuine issue of material fact and that the Henrys were entitled to a judgment as a matter of law.
 

 ¶ 35. THE JUDGMENT OF THE CHANCERY COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . Rule 13(f) states: "When a pleader fails to set up a counter-claim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counter-claim by amendment on such terms as the court deems just." M.R.C.P. 13(f).
 

 [2]
 

 . Chariot did eventually file a motion for a more definite statement, but it was not filed until after the motion for leave to file the proposed counterclaim had been filed. Further, the motion was not called up for a hearing.
 

 [3]
 

 . Rule 12(e) provides:
 

 If a pleading to which a responsive pleading is permitted is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before imposing his responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within ten days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.
 

 M.R.C.P. 12(e).
 

 [4]
 

 . Chariot did eventually file a motion for a more definite statement, but it was not filed until after the motion for leave to amend and the proposed counterclaim had been filed. Further, this motion never came on for a hearing.